IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SCHUYLAR SCARBROUGH,

    Petitioner,

v.                                    Case No. 21-CV-277-JFH-KEW

JANET DOWLING, Warden,

    Respondent.

## OPINION AND ORDER

This matter is before the Court on Respondent's motion to dismiss Petitioner's amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 11. Petitioner is a pro se state prisoner in the custody of the Oklahoma Department of Corrections who currently is incarcerated at Dick Conner Correctional Center in Hominy, Oklahoma. He is attacking his conviction in Sequoyah County District Court Case No. CF-2003-237 for Murder in the First Degree.

Petitioner raises four grounds for relief, all of which simply state "jurisdiction matter" or "jurisdiction matter on *McGirt v. Okla.*" with little or no elaboration. Dkt. No. 3 at 5, 7-10. The Court construes his claims as seeking to challenge the State of Oklahoma's prosecutorial authority over his conviction under *McGirt v. Oklahoma*, 591 U.S. __, 140 S. Ct. 2452 (2020). *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (holding that pro se litigant's pleadings are to be construed liberally). Respondent contends, however, that this Court is without jurisdiction to consider Petitioner's claims, because this is a second or successive petition that lacks authorization from the Tenth Circuit Court of Appeals. Dkt. No. 12 at 4. Respondent further alleges the amended petition is barred by the statute of limitations. *Id.*

1

I.      **The Petition is Successive**

Respondent alleges the Antiterrorism and Effective Death Penalty Act ("AEDPA") precludes the district court's consideration of a second or successive petition absent authorization from the proper court of criminal appeals: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). "Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive [petition]." *United States v. McKye*, 947 F.3d 1293, 1295-96 (10th Cir. 2020) (citing *In re Cline*, 532 F.3d 1249, 1251 (10th Cir. 2008)). *See also In re Jones*, 847 F.3d 1293, 1294 (10th Cir. 2017) (explaining gatekeeping requirements of 28 U.S.C. § 2244(b) with appellate court).

When a federal court dismisses a petition for untimeliness, the dismissal constitutes a merits adjudication that triggers the second or successive provisions of the AEDPA. *See In re Rains*, 659 F.3d 1274, 1275 (10th Cir. 2011) ("The dismissal of Mr. Rains's first habeas petition as time-barred was a decision on the merits, and any later habeas petition challenging the same conviction is second or successive and is subject to the AEDPA requirements."); *see also Jenkins v. Crow*, 820 F. App'x 773, 778 (10th Cir. 2020) (unpublished) (applying *Rains* to find dismissal for untimeliness as an adjudication on the merits); *Collins v. Bear*, 797 F. App'x 404, 406 (10th Cir. 2019) (unpublished) (applying *Rains* in holding dismissal of a "first § 2254 petition as untimely counted as a ruling on the merits of the petition for the purposes of § 2244(b)"). Thus, if a district court dismisses a petition for untimeliness, subsequent petitions must fall within the ambit of 28 U.S.C. § 2244(b). That is the situation in this case.

Petitioner already has twice unsuccessfully challenged his conviction and sentence in Sequoyah County Case No. CF-2003-247. *See Scarborough v. Dinwiddie*, CIV-06-207-JHP (E.D. Okla. Mar. 30, 2007); *Scarborough v. Province*, CIV-08-56-RAW-KEW (E.D Okla. Jan. 12, 2009), *certificate of appealability denied*, No. 09-7002 (10th Cir. June 17, 2009 (unpublished). In the second dismissal by this Court, the petition was denied as time-barred. Such a dismissal constitutes a decision on the merits in determining whether a subsequent petition is second or successive. *See Rains*, 659 F.3d at 1275.

Petitioner's amended petition makes no claim that he has authorization from the Tenth Circuit Court of Appeals to present his present claims. This Court's search also fails to show any such request to the Tenth Circuit. Because the record fails to show the required authorization by the circuit court, this Court is without jurisdiction to entertain the petition.

## II. Transfer of the Petition to the Tenth Circuit Would be Futile

While this Court has discretion to transfer this matter to the Tenth Circuit for consideration of Petitioner's claims, 28 U.S.C. § 1631, the Court must determine whether a transfer would be "in the interest of justice, *see In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (quoting 28 U.S.C. § 1631). "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer," a district court does not abuse its discretion in refusing to transfer. *Id.* at 1252. Further, it is a waste of judicial resources to require the transfer of a frivolous, time-barred case. *Id.* at 1252 (citing *Phillips v. Seiter*, 173 F.3d 609, 610 (7th Cir. 1999)).

## III.   The Amended Petition is Time-barred

Respondent also alleges the present petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA) which states:

3

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Here, Petitioner does not allege any impediment created by state action, *see* 28 U.S.C. § 2244(d)(1)(B), nor does he  assert the discovery of facts which could not have been discovered with due diligence, 28 U.S.C. § 2244(d)(1)(D).  He instead relies on the Supreme Court's issuance of the *McGirt* opinion and claims that § 2244(d)(1)(C) controls the timeliness of  this petition. Dkt. No. 3 at 14-15.  Federal courts, however, have held that *McGirt* is not a newly-announced constitutional right for the purposes of § 2244(d)(1)(C), and that provision is inapplicable here. The Oklahoma federal district courts also have uniformly denied claims that the decision established a new commencement date under § 2244(d)(1)(C).

> Courts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction. *See, e.g., Littlejohn v. Crow*, No. 18-CV-0477, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021) ("But [28 U.S.C. § 2244(d)(1)(C)] does not apply because the Supreme Court did not recognize any constitutional rights in *McGirt*."), [*certificate of appealability denied*], No. 21-5060

(10th Cir. [Nov. 2], 2021); *Sanders v. Pettigrew*, No. CIV-20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021) (concluding that *McGirt* "did not break any new ground" or "recognize a new constitutional right, much less a retroactive one"); *accord Berry v. Braggs*, No. 19-CV-0706, 2020 WL 6205849, at *7 (N.D. Okla. Oct. 22, 2020).

*Jones v. Pettigrew*, CIV-18-633-G, 2021 WL 3854755 at *3 (W.D. Okla. Aug. 27, 2021) (unpublished).

Further, the Supreme Court made it clear that state and federal procedural bars remain applicable to claims that may arise from *McGirt*. See *McGirt*, 140 S.Ct. 2479. ("Other defendants who do try to challenge their state convictions may face significant procedural obstacles, thanks to well-known state and federal limitations on post-conviction review in criminal proceedings."). Indeed, "[m]any other legal doctrines--procedural bars, res judicata, statutes of repose, and laches, to name a few--are designed to protect those who have reasonably labored under a mistaken understanding of the law." *Id.* at 2481. One of those "well-known" limitations is AEDPA's statute of limitations.

Based on the above reasoning, this Court finds Petitioner's deadline for filing his petition was November 19, 2005, the same date that applied to his second petition in Case No. CIV-08-56-RAW-KEW.[1]  Because Petitioner's present petition clearly is untimely, the Court finds that a transfer of the present petition to the Tenth Circuit would be a waste of judicial resources. *See Cline*, 531 F.3d at 1252.

Petitioner has not sought equitable tolling in this case, and the Court finds it should not be considered.  Equitable tolling of § 2244(d)(1)'s one-year statute of limitations is available "only in rare and exceptional circumstances."  *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

---

[1] The Opinion and Order in Case No. CIV-08-056-RAW-KEW erroneously states Petitioner's filing deadline as November 18, 2004.  *See* CIV-08-056-RAW-KEW, Dkt. No. 15 at 2.

Generally, equitable tolling requires a litigant to establish two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (citation omitted). After careful review, the Court finds Petitioner has failed to meet this burden.

After careful review, the Court finds that Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus as second or successive [Dkt. No. 11] should be GRANTED. Petitioner's motions for declaratory judgment [Dkt. No. 19] and his motion for declaratory judgment and stay [Dkt. No. 21] are DENIED as moot.

The Court further finds Petitioner has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). *See also* 28 U.S.C. § 2253(c). Therefore, Petitioner is denied a certificate of appealability. *See* Rule 11(a) of the Rules Governing Section 2254 Cases.

IT IS THEREFORE ORDERED that:

1. Respondent's motion to dismiss second or successive petition for a writ of habeas corpus [Dkt. No. 11] is GRANTED.

2. Petitioner's motion for declaratory judgment [Dkt. No. 19] is DENIED as moot.

3. Petitioner's motion for declaratory judgment and stay [Dkt. No. 21] is DENIED as moot.

4. Petitioner is DENIED a certificate of appealability.

Dated this 9th day of September 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE