IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SCHUYLAR SCARBROUGH,

          Petitioner,

v.

DAVID BUSS, Warden,

          Respondent.

Case No. 21-CV-277-JFH-DES

## OPINION AND ORDER

On September 9, 2022, the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 [Dkt. No. 3] filed by Petitioner Schuylar Scarbrough ("Scarbrough") was denied as second or successive, and Scarbrough was denied a certificate of appealability [Dkt. No. 22]. Judgment was entered on the same date. Dkt. No. 23. On September 22, 2022, Scarbrough filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Dkt. No. 24.

### Background

Scarbrough commenced this action on August 23, 2021, challenging his conviction in Sequoyah County District Court Case No. CF-2003-237 for Murder in the First Degree. Dkt. No. 1. He filed an amended habeas petition on September 10, 2021, raising four grounds for, all of which were titled "Jurisdiction Matter" or "Jurisdiction Matter on McGirt v. Okla." Dkt. No. 3 at 5-10. The Court construed the amended petition as a challenge to the State of Oklahoma's subject-matter jurisdiction over his conviction under *McGirt v. Oklahoma*, 591 U.S. __, 140 S.Ct. 2452 (2020). Dkt. No. 22 at 1.

The Court concluded that the amended petition was second or successive and that Scarbrough lacked authorization from the Tenth Circuit. *Id*. The amended petition was also barred

by the statute of limitations pursuant to 28 U.S.C. § 2244(d).  *Id*. at 3-5.  Further, the Court denied Scarbrough a certificate of appealability.  *Id*. at 6.

### Scarbrough's Rule 59(e) Claim

Scarbrough's claim in his motion to alter or amend the judgment is that "there is the need to correct clear error or prevent manifest injustice."  Dkt. No. 24 at 1.  He contends that applying the statute of limitations to his *McGirt* claim "would render the habeas remedy inadequate or ineffective."  *Id*. at 2.  He maintains he is actually innocent, because he stabbed the victim in the heat of passion, which constitutes first degree manslaughter in Oklahoma.  *Id*.  Scarbrough concludes he "has demonstrated the inadequacy and ineffectiveness of the habeas remedy."  *Id*. at 3.  He asks that the Court vacate its Opinion and Order and grant him a certificate of appealability.  *Id*.

### Discussion

The Tenth Circuit holds that grounds for relief under Rule 59(e) include:  "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."  *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  A Rule 59(e) motion "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law."  *Id*.  It is not, however, an appropriate vehicle to revisit an issue already addressed or to present a new argument that could have been previously raised.  *Id*.  The Court possesses "considerable discretion" when granting or denying a Rule 59(e) motion.  *Brown v. Presbyterian Health Servs.*, 101 F.3d 1324, 1332 (10th Cir. 1996).

After careful review, the Court finds Scarbrough is not entitled to relief.  Scarbrough clearly disagrees with this Court's application of AEDPA's restrictions on second or successive

petitions and this Court's finding that transfer to the Tenth Circuit would be futile. He, however, concedes that other jurisdictions have found against petitioners who raised similar claims. Dkt. No. 24 at 2. In fact, he admits that the United States District Court for the Northern District of Oklahoma has rejected an identical claim, but he asserts he is unaware of any case in which the Tenth Circuit Court of Appeals has agreed with the rationale of the Northern District Court of Oklahoma on this issue. *Id*. (citing *Rowbotham v. Nunn*, No. 22-CV-0011-JFH-SH, 2022 WL 1523195 (N.D. Okla. May 13, 2022) (unpublished)).

None of Scarbrough's arguments constitute a cognizable Rule 59(e) claim. He does not allege there is new, previously unavailable evidence. In addition, he fails to demonstrate clear error or show that the application of AEDPA's timeliness provisions and refusal to grant a COA constitute a manifest injustice. In summary, Scarbrough's claims fall outside the boundaries of Rule 59(e).

The Tenth Circuit has unequivocally applied AEDPA's procedural rules, in particular its timeliness requirements, to claims based on *McGirt*. For example, the petitioner in *In re Morgan* sought authorization to file a § 2254 application claiming "the state court lacked jurisdiction because his crimes 'occurred within the boundaries of the Indian reservation of the Choctaw and Chickasaw Nations' . . . and are therefore subject to exclusive federal jurisdiction under the Major Crimes Act, 18 U.S.C. § 1153(a)." *In re Morgan*, Case No. 20-6123 (10th Cir. Sept. 18, 2020) (unpublished). *See* Dkt. No. 25-1. In denying authorization, the Tenth Circuit specifically found that *McGirt* did not announce a new rule of constitutional law for the purposes of 28 U.S.C. § 2244(b)(2)(A). *See* Dkt. No. 25-1 at 3-4. *See also Quattlebaum v. Crow*, No. CIV-22-084, 2022 WL 885044, at *1 (W.D. Okla. Mar. 24. 2022) (unpublished) ("[T]he § 2254 exhaustion requirement contains no exception for jurisdictional claims, so a petitioner must first exhaust state-

court remedies even if he brings a *McGirt* claim alleging lack of state jurisdiction.") (footnotes omitted). In a more recent case, the Tenth Circuit affirmed the district court's denial of leave to amend the petition in *Pacheco*, because it was untimely. *Pacheco v. El Habti*, __ F.4th __, 2022 WL 4242131, *3-9 (10th Cir. 2022). The Tenth Circuit's analysis in these cases show that: (1) petitions seeking to raise a *McGirt* claim are no less subject to AEDPA's procedural requirements than any other; and (2) convictions later thrown into doubt by *McGirt* are not void and can in fact become final.

In conclusion, this Court finds that Scarbrough is not entitled to relief under Rule 59(e). The Court's determination that the amended petition was an unauthorized successive application that was not worthy of transfer to the Tenth Circuit because of its untimeliness was correct.

### Certificate of Appealability

The Court further finds Scarbrough has failed to make a "substantial showing of the denial of a constitutional right," as required by 28 U.S.C. § 2253(c)(2). In addition, he has not shown "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether [this] Court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, a certificate of appealability cannot be issued.

IT IS THEREFORE ORDERED that Petitioner Scarbrough's motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Dkt. No. 24] is DENIED, and Scarbrough is DENIED a certificate of appealability.

IT IS FURTHER ORDERED that Scarbrough's motion to expedite ruling and to expand the record [Dkt. No. 28] is DENIED as moot.

Dated this 7th day of June 2023.

                                                                                  _____
                                                                                   JOHN F. HEIL, III
                                                                                   UNITED STATES DISTRICT JUDGE