IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

SCHUYLAR SCARBROUGH,

    Petitioner,

v.                                                             Case No. 21-CV-277-JFH-DES

DAVID BUSS,

    Respondent.

**OPINION AND ORDER**

This matter is before the Court on the Motion for Relief from a Final Judgment ("Motion"), filed Petitioner Schuylar Scarbrough ("Scarbrough"), under Rule 60(b)(3) of the Federal Rules of Civil Procedure. Dkt. No. 32. For the reasons discussed herein, the Court construes the Motion as an unauthorized second or successive petition for a writ of habeas corpus and dismisses the successive petition without prejudice for lack of jurisdiction.

**I.    BACKGROUND**

In this action, Scarbrough sought a writ of habeas corpus under 28 U.S.C. § 2254, challenging his conviction in the District Court of Sequoyah County, Case No. CF-2003-247, for murder in the first degree. Dkt. No. 3. He raised four grounds for relief in an amended petition, all of which were titled "Jurisdiction Matter" or "Jurisdiction Matter on *McGirt v. Okla*." *Id.* at 5-10. The Court construed Scarbrough's claims as seeking to challenge the State of Oklahoma's prosecutorial authority over his conviction under *McGirt v. Oklahoma*, 591 U.S. 894 (2020) and, in an order issued September 9, 2022, determined that the amended petition was an unauthorized second or successive petition. Dkt. No. 22 at 1-3. The Court further found that transferring the petition to the Tenth Circuit Court of Appeals for authorization under 28 U.S.C. § 2244(b)(3) would be futile because the petition was barred by the statute of limitations under § 2244(d). *Id.*

at 3-6.  Thereafter, Scarbrough filed a motion to alter or amend the judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [Dkt. No. 24], which the Court denied on June 7, 2023 [Dkt. No. 31].  Scarbrough now seeks relief under Rule 60(b)(3), alleging a "defect in the integrity of the federal habeas corpus proceedings."  Dkt. No. 32 at 1, 8.

## II.   DISCUSSION

Pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure, a court may relieve a party from "a final judgment, order, or proceeding for . . . fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."  Fed. R. Civ. P. 60(b)(3).  When presented with a motion denominated as a Rule 60(b) motion that arises in the habeas context, a district court must determine whether the motion is a "true" Rule 60(b) motion, whether it should be treated as a second or successive habeas petition, or whether it is a "mixed" motion.  *Spitznas v. Boone*, 464 F.3d 1213, 1215-17 (10th Cir. 2006).  As explained by the Tenth Circuit,

> [A] 60(b) motion is a second or successive petition if it in substance or effect asserts or reasserts a federal basis for relief from the petitioner's underlying conviction.  Conversely, it is a "true" 60(b) motion if it either:  (1) challenges only a procedural ruling of the habeas court which precluded a merits determination of the habeas application; or (2) challenges a defect in the integrity of the federal habeas proceeding, provided that such a challenge does not itself lead inextricably to a merits-based attack on the disposition of a prior habeas petition.

*Id.* at 1215-16 (internal citation omitted) (citing *Gonzalez v. Crosby*, 545 U.S. 524 (2005)).  A "mixed" motion presents "both true Rule 60(b) allegations and second or successive habeas claims."  *Spitznas*, 464 F.3d at 1217.

Where, as here, a petitioner "assert[s] fraud or other defect in the integrity of the federal habeas proceeding," the Court's analysis is "more nuanced."  *Id.* at 1216.  Whether such a motion will be considered a true 60(b) motion or a second or successive petition "depends on the fraud alleged."  *Id.*  "If the alleged fraud on the court relates *solely* to fraud perpetrated on the federal

2

habeas court, then the motion will be considered a true 60(b) motion." *Id.* If, however, the alleged "fraud on the habeas court includes (or necessarily implies) related fraud on the state court . . . , then the motion will ordinarily be considered a second or successive petition because any ruling would inextricably challenge the underlying conviction proceeding." *Id.*

Scarbrough alleges the existence of "fraud, misconduct, misrepresentation, [and] defects in the integrity of [the] § 2254 process." Dkt. No. 32 at 4. The alleged fraud, however, relates to the state's authority to prosecute him for a crime committed on a "federally recognized Indian reservation[]." *Id.* at 3. He contends that Respondent committed fraud and misrepresentation by "alleg[ing] that a state law was violated on the federal reservation that has exclusive criminal and civil jurisdiction over its reservation[] lands." *Id.* at 2 ("Movant, was arrested and charged, tried, convicted, and sentenced under a state statute that is unlawful," thereby creating "defects in the entire appeals [sic]."), 3 ("Congress has never past [sic] any Acts that would authorize the respondent to lawfully exercise and bully any state so-called laws on any federally recognized Indian reservations in Oklahoma . . . . Movant, could never commit any state laws while he is on the Muscogee Creek Nation Reservation."), 8 (alleging "state and federal officials [have] caused fraud, misrepresentation, [and] misconduct" by interfering, intimidating, discouraging, and bullying "the Oklahoma tribes from exercising their sovereign rights"). Clearly, the alleged misconduct does not relate solely to fraud perpetrated on the federal habeas court. *See Spitznas*, 464 F.3d at 1217. Rather, Scarbrough is once again challenging the validity of his state conviction. The Court therefore construes the motion as a second or successive petition. *Id.* at 1215.[1]

---

[1] Even if Scarbrough's motion could be construed as a true Rule 60(b) motion, in whole or in part, the motion would not warrant relief, as Scarbrough failed to file it within one year of the entry of judgment. *See* Fed. R. Civ. P. 60(c)(1); Dkt. No. 23 (Judgment issued Sept. 9, 2022).

3

Under 28 U.S.C. § 2244(b)(3), a petitioner must first receive authorization from the appropriate court of appeals prior to filing a second or successive petition in district court. Thus, having concluded that Scarbrough's motion is in essence a second or successive petition, the Court must either transfer the motion to the Tenth Circuit for authorization or, if a transfer would not serve the interests of justice, dismiss the motion for lack of jurisdiction.[2] *In re Cline*, 531 F.3d 1249, 1252 (10th Cir. 2008) ("When a second or successive § 2254 or § 2255 claim is filed in the district court without the required authorization . . . , the district court may transfer the matter to [the Tenth Circuit] if it determines it is in the interest of justice to do so under § 1631, or it may dismiss the motion or petition for lack of jurisdiction."); *see Spitznas*, 464 F.3d at 1217. "Factors considered in deciding whether a transfer is in the interest of justice include whether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction." *In re Cline*, 531 F.3d at 1251. The Court finds that transferring Scarbrough's successive petition to the Tenth Circuit for authorization would not serve the interests of justice. The successive petition is time-barred under § 2244(d), and the matters alleged are unlikely to give rise to meritorious claims under § 2254. *See* Dkt. No. 22, at 3-6 (discussing untimeliness of the amended petition).

---

[2] The record reflects that, following the Court's entry of judgment in this matter, Scarbrough filed a motion in the Tenth Circuit for authorization to file a second or successive petition, which the Tenth Circuit denied. Dkt. Nos. 26, 27. The grounds for relief proposed in his request for authorization, however, appear to be distinct from the matters raised in the instant motion. *See* Dkt. No. 27 at 2.

ACCORDINGLY, IT IS HEREBY ORDERED that the Motion for Relief from a Final Judgment [Dkt. No. 32], construed as a second or successive petition for writ of habeas corpus filed without prior authorization from the Tenth Circuit Court of Appeals, is DISMISSED without prejudice for lack of jurisdiction.

Dated this 19th day of September 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE